IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORMAN KATZ, | § | |
| | § | |
| PLAINTIFF, | § | |
| | § | |
| V. | § | CASE NO. 3:19-CV- 2563-M-BK |
| | § | |
| STEVEN MNUCHIN, SECRETARY | § | |
| OF THE TREASURY, | § | |
| | § | |
| DEFENDANT. | § | |

FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

On October 28, 2019, Plaintiff filed this action and paid the $400.00 filing fee the following day.   Doc 3.   Having paid the filing fee, Plaintiff is responsible for obtaining a summons and effecting service of process as required by Rule 4 of the Federal Rules of Civil Procedure.   Summons was issued on October 28, 2019, Doc. 5, and Plaintiff thereafter had 90 days to effect service of process.   FED. R. CIV. P. 4(c).   If a plaintiff does not serve a defendant within 90 days after the complaint is filed, the court must – after notice to the plaintiff – dismiss the action without prejudice against that defendant or order that service be made within a specified time.   FED. R. CIV. P. 4(m).

When Plaintiff had not filed proof of service by March 12, 2020 — 136 days after filing his complaint — the Court admonished him that this case would be dismissed without prejudice pursuant to Rule 4(m) unless he completed service of process on Defendant or showed good cause for his failure to do so by April 3, 2020.   Doc. 6.   As of the date of this recommendation, however, Plaintiff has not complied with or responded to the Court's order.

Accordingly, this action should be **DISMISSED WITHOUT PREJUDICE**.

**SO RECOMMENDED** on April 29, 2020.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's findings, conclusions and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).